IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Thomas J. Norman,** | **Case No. 1:20cv1357** |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Rachael Wheeler,** *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

**Background**

*Pro se* Plaintiff Thomas J. Norman, a state prisoner incarcerated in the Richland Correctional Institution, has filed a complaint under 42 U.S.C. § 1983 against Defendants Rachael Wheeler and Dan Hall, Physician's Assistants and Advanced Level Providers at the Ohio Department of Rehabilitation and Correction (collectively, "Defendants"). (Doc. No. 1 at ¶¶ 4-5.) In his complaint, the Plaintiff contends the Defendants were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment on the basis that he informed them "[d]uring various unknown and to be determined dates between April 3, 2018" and May 29, 2020, that he was experiencing pain and discomfort associated with "ileitis" or Crohn's disease, but they "refused to provide any treatment or symptomatic relief." (*Id*. at ¶¶ 12, 13.)  The Plaintiff seeks declaratory and injunctive relief, including an order that he be placed under the care of a certified gastroenterologist, and compensatory and punitive damages.  (*Id*. at ¶¶ 24-28.)

The Plaintiff filed an earlier lawsuit in May 2018, against the Defendants (as well as and multiple others), claiming deliberate indifference to his serious medical needs for allegedly ignoring

his complaints of abdominal pain beginning in 1998. The district court dismissed the Plaintiff's prior action *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). The court found that the Plaintiff's claims pre-dating May 10, 2016 were barred by the two-year statute of limitations. In addition, the court found that the Plaintiff otherwise failed to state a plausible claim for deliberate indifference with respect to medical needs because the record reflected that he had received care for gastrointestinal conditions, including testing for H. pyloria, but disagreed with the adequacy of the care provided (which does not amount to constitutional deliberate indifference). *Norman v. Dr. Alfred Granson, et al.*, Case No. 1: 18 CV 1080 (N.D. Ohio Oct. 18, 2018). The Sixth Circuit affirmed the district court's judgment dismissing the Plaintiff's prior case. *Norman v. Dr. Alfred Granson, et al.*, No. 18-4232 (6th Cir. Mar. 25, 2020).

By separate order, the Court has granted the Plaintiff's motion for leave to proceed *in forma pauperis* in this case. For the reasons stated below, the Court finds that this action must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Standard of Review

Although *pro se* pleadings are liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the lenient treatment generally accorded *pro se* plaintiffs "has limits," and *pro se* plaintiffs are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Federal district courts are expressly required under 28 U.S.C. § 1915(e)(2)(B) to review all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or

seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468 (6th Cir. 2010).

In order to survive a dismissal for failure to state a claim, a *pro se* "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 470-71 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). Although a complaint need not contain detailed factual allegations, the "allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.

**Discussion**

Even according the Plaintiff's complaint the deference to which a *pro se* pleading is entitled, it fails to state a plausible § 1983 deliberate indifference claim.

First, as the district court explained in the Plaintiff's prior action, the statute of limitations for a claim under § 1983 is two years. *See Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989). The statute of limitations period for claims for deliberate indifference commences when an inmate's request for treatment is denied. *See Frasure v. Shelby Cty, Sheriff's Dep't*, 4 F. App'x 249, 250 (6th Cir. 2001). The Plaintiff represents that he executed his complaint in this case on June 11, 2020. (Doc. No. 1 at 6, "Verification.") Accordingly, any § 1983 claim he purports to raise with respect to an alleged denial of medical treatment occurring prior to June 11, 2018 is time-barred.

Second, the allegations in the Plaintiff's complaint are insufficient to state a claim to relief that is plausible on its face. The Plaintiff has not alleged any specific instance in which either Defendant denied him care. Rather, his complaint is based entirely on his vague, general, and purely

conclusory assertions that the Defendants refused to provide him treatment or symptomatic relief for complaints of pain he made "during various unknown and to be determined dates" between April 3, 2018 and . . . May 29, 2020." The Plaintiff's assertions do not provide a sufficient factual basis to raise his right to relief against either Defendant on a deliberate indifference claim above a speculative level. It is well settled that "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

The Plaintiff's allegations, moreover, do not support plausible inferences that either Defendant had the requisite subjective state of mind necessary to satisfy the "deliberate indifference" test set forth in *Farmer v. Brennan*, 511 U.S. 825 (1994). That test absolves a prison official from liability in medical care cases unless the plaintiff can show that the official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety. . . ." *Id*. at 837. *See also Comstrock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

The failure to plead facts from which the subjective component of a claim can be inferred requires dismissal of such a claim. *See e.g., Schmidt v. Healthcare Services*, Case No. 1: 11 CV 1207, 2012 WL 289323, *3 (W.D. Mich. Jan. 31, 2012) (holding that "[i]t is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants" and that if "[t]here is nothing in Plaintiff's allegations which supports the subjective component of an Eighth Amendment claim" the complaint is properly dismissed); *Piatt v. Collins*, Case No. 1: 08 CV 415, 2010 WL 5019419, *2 (S. D. Ohio Oct. 19, 2010) (holding that an allegation that a prison health care administrator refused to do anything about the plaintiff's pain "is tantamount to an unadorned 'the-defendant-unlawfully-harmed-me accusation' prohibited by *Iqbal*"), *adopted,* 2010 WL 4976847 (S.D. Ohio Dec.1, 2010).

One cannot plausibly infer from the vague, general, and conclusory assertions set forth in the Plaintiff's complaint that the Defendants were aware of, and consciously disregarded, a serious excessive risk to his health. Accordingly, his complaint fails to allege any plausible claim for constitutional deliberate indifference.

## Conclusion

For the reasons stated above, the Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In light of this ruling, the Plaintiff's motion for appointment of counsel (Doc. No. 3) is denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 13, 2020

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE